NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL TANNER,<br><br>    Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | 04-CV-3504 (WJM)<br><br>OPINION |

James Langton, Esq.
Langton & Alter
2096 St. Georges Ave.
P.O. Box 1789
Rahway, NJ 07065
    *(Attorney for Plaintiff)*

Kimberly L. Schiro, Esq.
Special Assistant U.S. Attorney
26 Federal Plaza
Room 3904
New York, NY 10278
    *(Attorney for Defendant)*

**MARTINI, U.S.D.J.:**

Plaintiff Al Tanner brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the final determination by the Commissioner of Social Security ("Commissioner") partially denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the following reasons, this matter is hereby **REMANDED** for further proceedings in accordance with this Opinion.

## PROCEDURAL HISTORY & FACTUAL BACKGROUND

On August 1, 2001, Plaintiff filed an application for DIB and SSI with the Social Security Administration alleging disability due to two herniated discs and leg pain beginning February 1, 1997.  (*See* AR at 67–69.)[1]  The Commissioner denied Plaintiff's application on January 3, 2002 (*see id.* at 46–48) and thereafter, on May 9, 2002, reconsidered Plaintiff's application but again found that Plaintiff did not qualify for DIB and SSI (*see id.* at 54–56).

An ALJ held a hearing on May 8, 2003 upon Plaintiff's request (*see id.* at 23) and issued a decision on July 23, 2003 granting Plaintiff's application but finding Plaintiff disabled only as of January 1, 2001 due to congestive heart failure, cardiomyopathy, obesity, and discogenic lumbar disc disease (*see id.* at 17–22).  The ALJ's decision was based on medical evidence from Trinitas Hospital, Dr. Turkes, Dr. Patel, Plaintiff's employment history, and Plaintiff's testimony from the hearing.  (*See id.* at 18–19.)  Because the earliest medical evidence indicating that Plaintiff suffered severe impairments dated from April 2001, the ALJ gave Plaintiff the "benefit of the doubt" that his disability began prior to the April 2001 diagnosis and, therefore, inferred from the evidence that Plaintiff's onset date of disability was January 1, 2001.  (*Id.* at 19.)  The ALJ saw no evidence indicating that Plaintiff suffered severe impairments prior to this date.  (*See id.*)  As a result, the Social Security Administration granted Plaintiff DIB and SSI as of January 1, 2001 but denied DIB and SSI for the period prior to January 1, 2001.  (*See id.* at 22.)

---

[1] "AR" as used herein refers to the full and accurate transcript of the entire record of proceedings relating to this case, certified to this Court on May 13, 2004.

The ALJ's decision became the final decision of the Commissioner of Social Security on May 27, 2004 when the Appeals Council denied Plaintiff's request for review.  (*See id.* at 6–8.)  Plaintiff then timely commenced this action.  (*See* Complaint ¶ 1 [hereinafter "Compl."].)

Plaintiff requests that this Court reverse that part of the Commissioner's decision denying his disability claim prior to January 1, 2001 and remand for a new hearing.  (Brief in Support of Plaintiff Al Tanner at 2 [hereinafter "Pl.'s Br."].)  Specifically, Plaintiff contends that the ALJ's step two findings were not based on substantial evidence for two reasons: first, because the ALJ did not adequately explain his reasoning; and, second, because the ALJ failed to consult a medical advisor when inferring the onset date of Plaintiff's disability from the available medical evidence.  (*See id.* at 8, 16.)  The Commissioner concedes that the ALJ committed error at step two of the five-step sequential process but requests that the Court vacate the *entire* award and remand for further consideration as to Plaintiff's claim of disability prior to January 1, 2001.  (*See* Defendant's Memorandum of Law in Support of Defendant's Motion for Remand at 2–4 [hereinafter "Def.'s Mem."].)

## ANALYSIS

### I.     STANDARD OF REVIEW

The District Court exercises plenary review over the Commissioner's legal conclusions and is bound by the Commissioner's factual findings if they are supported by substantial evidence.  *See Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  *Pierce*

*v. Underwood*, 487 U.S. 552, 565 (1988). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

Thus, this Court's inquiry is whether the record, read in its entirety, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the Commissioner. *See Pierce*, 487 U.S. at 565. If the Court finds the ALJ's decision is supported by substantial evidence, the Court must affirm the ALJ's findings. *See Sykes*, 228 F.3d at 262.

## II. THE COURT REMANDS THIS CASE FOR A PROPER DETERMINATION OF THE ONSET DATE OF DISABILITY

### A. ALJ Sufficiently Explained the Basis of His Finding that Plaintiff Was Not Disabled Prior to January 1, 2001

Plaintiff's contention that the ALJ inadequately explained his reasoning is without merit. The Third Circuit has stated that "an examiner's finding should be comprehensive . . . analytical . . . and[,] where appropriate, should include a statement of . . . findings on which . . . [his] conclusions are based." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). Bare "conclusory statement[s] . . . [are] beyond meaningful judicial review." *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119 (3d Cir. 2000). These requirements are imposed so that a reviewing court may properly determine whether there is substantial evidence to sustain the ALJ's decision. *See Cotter*, 642 F.2d at 705. In this case, these requirements were satisfied.

An ALJ considering a claim for disability benefits must apply a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(1). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. *See id.* § 404.1520(a)(4)(i). If the claimant is not, the ALJ at step two determines whether the claimant suffers from a medically severe

impairment. *See id.* § 404.1520(a)(4)(ii). If the ALJ finds that the claimant does suffer a severe medical impairment, the ALJ at step three will determine whether claimants impairment gives rise to a presumption of disability by determining whether it meets or equals an impairment listed listed in appendix 1 of 20 C.F.R. § 404.1520. *See id.* § 404.1520(a)(4)(iii). If a match is found, the ALJ enters a finding of disability. *See id.* If, on the other hand, the claimant's severe medical impairment is not listed, the ALJ proceeds to step four to determine whether the claimant retains the residual functional capacity to perform past relevant work. *See id.* § 404.1520(a)(4)(iv). Should the ALJ find that the claimant does in fact retain this residual functional capacity, the ALJ must at step four find that the claimant is not disabled. *See id.* However, if the claimant cannot perform past relevant work, the ALJ must proceed to step five and determine whether the claimant is capable of performing other work in the national economy. *See id.* § 404.1520(a)(4)(v).

In the instant case, after applying the five-step sequential evaluation, the ALJ partially denied Plaintiff's claim, finding Plaintiff disabled as of January 1, 2001 but not prior to that date. (See AR at 19–20.) In step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 1997. (*See id.* at 19.) In step two, the ALJ found that Plaintiff's congestive heart failure, cardiomyopathy, obesity, and discogenic lumbar disc disease are severe impairments; however, because the "earliest significant medical evidence [of Plaintiff's impairment] is from April of 2001," the ALJ gave the Plaintiff "the benefit of the doubt" and concluded that Plaintiff experienced "extensive limitation for three months prior thereto," establishing January 1, 2001 as Plaintiff's onset date of disability. (*Id.*) In doing so, the ALJ noted a lack of medical evidence indicating the severe impairment prior to January 1, 2001. (*See id.*) Additionally, the ALJ found Plaintiff's subjective complaints of pain credible in light of the

medical reports, laboratory test results, medications, treatments, hospitalization and investigation of daily routine as of January 1, 2001 *but not prior to that date*. (*See id.*) Moving to step three, the ALJ found that Plaintiff's severe impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (*See id.*) In step four, the ALJ found Plaintiff's condition prevented him from carrying objects exceeding five pounds and from walking for more than two hours in half-hour intervals as of January 1, 2001. (*See id.* at 20.) Therefore, because Plaintiff's past work as a chemical operator and laborer required standing for most of the time and involved lifting objects over fifty pounds, the ALJ found Plaintiff unable to perform his past work as of January 1, 2001. (*See id.*) Finally, in step five, the ALJ found that there were "no job[s that] existed in significant numbers in the national economy that the claimant has had the capacity to perform" as of January 1, 2001. (*Id.* at 20–21.)

     The Court finds that the ALJ clearly and adequately explained the basis of his step-two determination, which explanation Plaintiff now challenges. With respect to this finding, the ALJ stated specifically in his opinion that after reviewing the medical evidence from Trinitas Hospital, Dr. Turkes and Dr. Patel, "the evidence fail[ed] to establish the existence of a medically determinable severe impairment prior to January 1, 2001." (*Id.* at 18–19.) The ALJ also stated that "the claimant's subjective allegations of disabling pain and symptoms and limitations are generally credible for the period *since January 1, 2001* . . . and [that] such complaints can be generally accepted as consistent with the objective medical and other evidence . . . ." (*Id.* at 19 (emphasis added).)[2] Although an ALJ "cannot reject evidence for no reason or for the wrong

---

[2]    Although the ALJ gave Plaintiff the opportunity to present additional medical evidence before rendering his final decision, Plaintiff made no such submissions. (*See* AR at 17.)

reason," *Cotter*, 642 F.2d at 706–07, clearly the ALJ did not do so here.  Instead, he provided reasons why he rejected probative evidence, thereby giving this Court sufficient basis for "determin[ing] whether the reasons for rejection were improper." *Id*. at 707.

For these reasons, Plaintiff's request for remand for a more detailed analysis is **DENIED**.

**B.      The ALJ's Finding that January 1, 2001 Was the Onset Date of Plaintiff's Disability Was Not Supported by Substantial Evidence Because It Was Made Without a Consulting Medical Expert**

Plaintiff argues that the ALJ inappropriately determined the onset date of Plaintiff's slowly progressing diseases by failing to consult a medical expert in making that determination.  (*See* Pl.'s Br. at 16–17.)  The Court agrees.

It is undisputed that Plaintiff suffers from slowly progressive diseases.  (*See id.* at 14; Def.'s Br. at 3; AR at 19.)  With respect to such impairments, S.S.R. 83-20 provides, in relevant part:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling.  Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available.  In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.
> . . . .
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination . . . .  This judgment, however, must have a legitimate medical basis.  *At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred*.

S.S.R. 83-20, 1983 SSR LEXIS 25, at *5–8 (emphasis added).  Thus, when a claimant's onset date of disability is ambiguous, the ALJ should infer an onset date based on the available evidence

and *in consultation with a medical advisor*. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 549 (3d Cir. 2003) (emphasis added).

In this case, the ALJ found Plaintiff disabled from congestive heart failure, cardiomyopathy, obesity, and discogenic lumbar disc disease. (*See* AR at 21–22.) Because these are slowly progressive diseases and because Plaintiff did not seek medical attention for a significant period after his alleged onset date of disability, the ALJ acknowledged that the available evidence did not establish the precise date on which Plaintiff's impairment became disabling. (*See id.* at 19.) Therefore, because the earliest existing medical record dated to April of 2001, the ALJ gave the "claimant the benefit of the doubt and inferr[ed] extensive limitation for three months prior thereto." (*Id.*) The ALJ did not consult a medical advisor in making this inference.

The Court agrees that it was improper for the ALJ to make this determination without consulting a medical advisor. (*See* Def.'s Mem. at 3.) Rather than having a legitimate medical basis for that finding, the ALJ arbitrarily chose January 1, 2001 as the onset date. (*See* AR at 19.) Thus, the Court will grant Plaintiff's request for remand so that the ALJ may consult with a medical advisor in order to infer from the available evidence the onset date of Plaintiff's disability.

    C.  **Defendant Consents to Remand This Case for Further Proceedings**

The Commissioner acknowledges that the ALJ erred by not consulting a medical advisor in inferring the onset date of disability based on the available medical evidence. (*See* Def.'s Mem. at 3.) Thus, the Commissioner concedes that remand is necessary. (*See id.*) The Commissioner also asks, however, that the Court vacate the ALJ's award and remand this case *in its entirety*.

(*See id.* at 4.)  Although the Commissioner cites various cases in support of this request (*see id.* at 2), these cases merely state legal standards that no one disputes; the Commissioner cites no authority justifying vacation of the entire award of benefits.  Because the Court concludes there is substantial evidence supporting the ALJ's finding that Plaintiff was disabled after January 2001, this Court will remand only for reconsideration of the onset date of disability as described above.  The ALJ may thereafter modify the award as necessary.

## CONCLUSION

For the foregoing reasons, this matter is hereby **REMANDED** for further proceedings consistent with this Opinion.  The ALJ is instructed on remand to infer the onset date of Plaintiff's disability from the available medical evidence with the assistance of a medical advisor, pursuant to S.S.R. 83-20.

**Dated:** August 10, 2005                                            s/William J. Martini  
                                                                                     **William J. Martini, U.S.D.J.**